IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CHRISTOPHER WILSON,**

        **Petitioner,**

        **v.**

**UNITED STATES OF AMERICA,**

        **Respondent.**

        **CIVIL ACTION 2:08-CV-1160**
        **CRIMINAL NO. 2:05-cr-00033**
        **JUDGE FROST**
        **MAGISTRATE JUDGE KING**

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, brings the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255. This matter is before the Court on the motion, respondent's return of writ, petitioner's reply, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as time-barred.

## PROCEDURAL HISTORY

Petitioner's underlying criminal convictions on possession with intent to distribute over 50 grams of cocaine base, possession of a firearm in furtherance of a drug trafficking crime, and foreiture of a firearm and ammunition involved in a firearms offense, are the result of his September 20, 2005, negotiated guilty plea. Doc. Nos. 20, 21. On February 1, 2006, the Court sentenced petitioner to an aggregate term of 144 months imprisonment. Doc. No. 30. Petitioner did not appeal. On June 13, 2008, the Court granted petitioner's motion for reduction of sentence based on retroactive application of sentencing guidelines

to crack cocaine offenses, and reduced his sentence from 144 months to 129 months imprisonment. Doc. Nos. 35, 39.

On December 8, 2008, petitioner filed the *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255. He asserts as follows:

> 1. Supreme Court's specifications regarding 924(c)(1) and its instructions enabling the courts to charge a person.
>
> Mr. Wilson was not in possession of any weapon at the time time of his arrest. Nor did he fire, strike, brandish or attempt to fire any weapon. Also the weapons and drugs were in different rooms of the house.
>
> 2. Ineffective counsel.
>
> Mr. Wilson was not advised of laws regarding U.S.C. 924(c)(1) and its instructions. Mr. Wilson was also brought to court under the assumption to check on the conduct and the relationship between he and his lawyer, not to plead guilty. Mr. Wilson was under duress and felt he had no choice but to plead guilty. Mr. Wilson asked his lawyer to challenge the charges regarding the "crack" in his case but he didn't. He was only advised to plead guilty by his lawyer.

Doc. No. 40. Petitioner seeks dismissal of his convictions on Counts 3 and 4 of the Indictment, which charge him with possession with intent to distribute over 50 grams of crack cocaine, and possession of a firearm in furtherance of a drug trafficking crime and forfeiture, as invalid under *Bailey v. United States,* 516 U.S. 137 (1995)(conviction for "use" of a firearm within the meaning of 18 U.S.C. §924(c)(1) requires evidence of active employment of the firearm) and *Bousley v. United States,* 523 U.S. 614 (1998)(*Bailey* is applicable to collateral attacks on pre-*Bailey* guilty pleas), and *Watson v. United States*, 552

U.S. 74 (2007)(a defendant does not "use" a firearm within the meaning of 18 U.S.C. 924(c)(1)(A) when he receives the firearm in trade for drugs).

It is the position of the respondent that this action is time-barred.

## STATUTE OF LIMITATIONS

28 U.S.C. 2255(f) provides for a one-year statute of limitations in connection with the filing of federal habeas corpus petitions:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Final judgment was entered in this case on February 1, 2006, Doc. No. 30, and petitioner did not file an appeal from that judgment. Therefore, petitioner's conviction became final either on the date that final judgment was entered, or on the date that the time for filing an appeal expired. *See United States v. Cottage*, 307 F.3d 494, 499 (6th Cir. 2002)(citations omitted). The statute of limitations expired in any event in February 2007 – long before

November 30, 2008, when petitioner signed his motion under §2255.

Petitioner contends that this action is timely because he raises a claim under *Watson,* which was decided on December 10, 2007. He specifically contends that, under 28 U.S.C. 2255(f)(3), the statute of limitations did not begin to run the date that *Watson* was decided.

This argument does not apply to petitioner's allegations in claim two of ineffective assistance of counsel. Further, 28 U.S.C. §2255(f)(3) applies only where the United States Supreme Court has announced that a new rule applies retroactively to cases on collateral review. *See Tyler v. Cain,* 533 U.S. 656, 662-63 (2001)("[A] new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive.") *See also Lee v. United States*, 2008 WL 5122291 (W.D.N.C. December 5, 2008)(concluding that 2255(f)(3) is inapplicable because the United States Supreme Court has not made the rule in *Watson* retroactive to cases pending on collateral review.)

Some courts have recognized *Watson* claims in §2241 petitions. *Ulloa v. Ledezema*, 2009 WL 481997 (W.D. Oklahoma February 25, 2009), citing *Belcher v. Dewalt*, No. 5:08-cv-216-KKC, 2008 WL 4280137 (E.D. Ky. September 15, 2008); *Epps v. O'Brien*, No. 7:08-cv-00081, 2008 WL 1924267 at *1 n.1 (W.D. Va. April 30, 2008); *Short v. Schultz*, No. 08-0816(JBS), 2008 WL 305594 (D.N.J. January 28, 2008).

> [T]he "savings clause" of § 2255 permits a prisoner to challenge his criminal conviction under § 2241 if his remedy under § 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e); *Charles v. Chandler,* 180 F.3d 753, 756 (6th Cir.1999). Section 2255 has been found to be "inadequate or ineffective" where, after the petitioner's conviction becomes final, the Supreme Court interprets the

4

criminal statute under which he was convicted in such a way
that petitioner's actions did not violate the terms of the statute,
rendering him "actually innocent" of the conduct proscribed.

*Combs v. Hogsten*, 2009 WL 3232992 (E.D. Ky. October 2, 2009). However, a habeas corpus petition under 28 U.S.C. §2241 must be filed in the district court having jurisdiction over petitioner's place of confinement. *Martin v. Perez*, 319 F.3d 799, 802 (6th Cir. 2003). Petitioner is currently confined in F.C.I. Beckley, in Beaver, West Virginia. Therefore, this Court lacks jurisdiction to address petitioner's claim in the context of 28 U.S.C. §2241. *See id.*

Further, it is not clear that *Watson* applies to petitioner's conviction. In *Watson*, the Supreme Court held that "a person does not 'use' a firearm under §924(c)(1)(A) when he receives it in trade for drugs." *Id.*, at 83.

> In an earlier decision... the Supreme Court held that the trading
> of a gun for drugs-the reverse of the situation in *Watson* -was
> encompassed by the word "use" in the statute. *Smith v. United
> States*, 508 U.S. 223, 241, 113 S.Ct. 2050, 124 L.Ed.2d 138 (1993).

*United States v. Jones*, 2008 WL 4058065 (W.D. Va. August 29, 2008).[1] The charges against petitioner resulted from the execution of a search warrant on petitioner's house where cocaine, cocaine wrappers, digital scales, marijuana, large sums of money and guns were found. *See PreSentence Investigation Report,* ¶¶12-13. Petitioner acknowledged that he had obtained one of the guns"on the streets." *Id.*, ¶18. The attorney for the United States

---

[1] As noted by Supreme Court Justice Ginsburg in her concurring judgment, "It is better to receive than to give, the Court holds today, at least when the subject is guns." *Watson*, 552 U.S. at 84.

summarized the facts as follows:

> On November 5th, 2004, the Franklin County Sheriff's Department executed search warrants on the defendant's house located in the city of Columbus, Franklin County, the Southern District of Ohio. Recovered at the house was 123 grams of cocaine base, 2514 grams of cocaine and a Smith & Wesson model .40 caliber pistol that was used in furtherance of the possession to distribute cocaine.
>
> The defendant was at the location during the search. The defendant admitted that all of the contraband was his and took responsibility for having the contraband.

*Guilty Plea Transcript,* pp. 29-30, Doc. No. 47. Petitioner agreed with this statement of facts. *Id.*, at 31-32.

Petitioner pleaded guilty to *possession* of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §924(c)(1)(A). *See Indictment*, Doc. No. 1; *Plea Agreement*, Doc. No. 21; *Guilty Plea Transcript*, Doc. No. 47. Therefore, *Watson* -- which addressed the *use* of a firearm -- does not provide him relief. *See Shelby v. Zych,* 2009 WL 4018598 (E.D. Mich. November 19, 2009)(denying relief under 28 U.S.C. §2241 where petitioner hid gun between the seats of his car); *United States v. Hicks,* 2008 WL 375211 (E.D. Ky. February 11, 2008)(*Watson* not applicable to defendant who allegedly kept a firearm under the seat of his car while transporting illegal substances); *Short v. Shultz*, 2008 WL 1984262 (W.D. Va. May 6, 2008)(rejecting claim under 28 U.S.C. §2241 that conviction violated *Watson* where petitioner was charged under "possession" prong of §924(c)); *Belcher v. Dewalt,* 2008 WL 4280137 (E.D. Ky. September 15, 2008)(no relief under *Watson* where petitioner "was charged not only with use of a firearm, but also with possession of a

firearm in furtherance of a drug offense").

For all the foregoing reasons, Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as time-barred.

If any party objects to this *Report and Recommendation,* that party may, within fourteen (14) day of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).


May 19, 2010                                                s/Norah McCann King
                                                            Norah McCann King
                                                            United States Magistrate Judge